IN THE SUPREME COURT OF TENNESSEE
AT JACKSON
November 9, 2005 Session

## STATE OF TENNESSEE v. STEPHEN LYNN HUGUELEY

**Automatic Appeal from the Court of Criminal Appeals**
**Criminal Court for Hardeman County**
**No. 6665      Jon Kerry Blackwood, Judge**

---

**No. W2004-00057-SC-DDT-DD - Filed March 15, 2006**

---

**CONCURRING/DISSENTING OPINION**

ADOLPHO A. BIRCH, JR., J., concurring and dissenting in part.

I write separately to express my extreme concern with the fact that of the eight peremptory strikes used by the State to remove potential jurors, all eight were used to remove African-American jurors. I agree with the majority, however, that the trial court's failure to make specific findings on defendant's Batson[1] objections, as well as the lack of a complete record, hinder meaningful appellate review. What *is* apparent from the record is that seven of the African-American jurors removed–Ms. Pirtle, Ms. Gibbs, Mr. Hudson, Mr. Woods, Ms. Ferguson, Ms. McKinnie and Ms. Heard–had indicated on their jury questionnaires that they had personal reservations about the death penalty.[2] I understand the prosecutor's reluctance to seat these jurors, although I also note that during voir dire each of them indicated a willingness to follow the law despite their personal beliefs. Since the jury questionnaires were not included in the record, it is impossible to determine whether the prosecution treated prospective jurors differently based on race. For instance, if we saw in the jury questionnaires that non-minority jurors who expressed reservations about the death penalty were not removed in the same manner that African-Americans were, we would have a basis for finding disparate treatment to support a Batson violation. Without such evidence, however, it is impossible to engage in meaningful review of the issue.

By way of example, the eighth African-American juror removed, Ms. Pruitt, was eliminated because, as the prosecutor stated, "she looked like she was going to cry" and "when she was going into the

---

[1] Batson v. Kentucky, 476 U.S. 79 (1986).

[2] As the majority notes, Defendant failed to object at trial to the exclusion of jurors Hudson, Gibbs and Pirtle, waiving any Batson claim as to these jurors.

jury box she got teary-eyed again and was shaking her head no." During voir dire of this particular juror–which was rather cursory–she indicated she did not have a problem sitting in judgment of others, she could do it in this particular case, and she could sign a death warrant. There is no evidence to support the prosecutor's implication that this juror appeared emotionally distraught; the prosecutor's bare assertion of such behavior is not evidence. The trial court did not make any findings of fact on the prosecutor's stated reason other than to conclude, without analysis, that the stated reason was not racially motivated. I would caution trial counsel and courts when dealing with Batson objections to take care to develop the facts for the record, as it is otherwise impossible to determine whether disparate treatment indicative of impermissible discrimination occurred.

Despite my misgivings about the prosecution's motives for eliminating these eight African-American jurors, and because of the inadequacy of the record and the paucity of trial court findings, I am unable to find actionable error. Accordingly, I concur in the conclusion of the majority that Huguely's convictions should be affirmed.

As to the sentence of death, however, I respectfully dissent. I continue to adhere to my view that the comparative proportionality review protocol currently embraced by the majority is inadequate to shield defendants from the arbitrary and disproportionate imposition of the death penalty. See State v. Reid, 164 S.W.3d 286, 323-325 (Tenn. 2005)(Birch, J., concurring and dissenting), and cases cited therein. Accordingly, I respectfully dissent from that portion of the majority opinion affirming the imposition of the death penalty in this case.

_____
ADOLPHO A. BIRCH, JR.